IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY M. GEREB, 97214-180, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:11-CV-3418-M |
| ) | |
| UNITED STATES ATTORNEY GENERAL, ) | |
| ET AL, ) | |
| Defendants. ) | |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**I.     Procedural Background**

This is a civil rights complaint brought by a federal inmate pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971).

Plaintiff is presently incarcerated in the Federal Medical Center in Springfield, Missouri. Defendants are the United States Attorney General, Bureau of Prisons Director Harley Lappin, Warden Ivory, Dr. James Capps, Health Care Administrator Matt McGaugh, Assistant Health Care Administrator K. Fernanders, Nurse S. Crow, Nurse E. Weaver, Warden Cruz, Captain Perez, Lt. Wiggiton, Lt. Gentry, Lt. Lafferty, Officer Dean, Officer Cook, Lt. Delatore, Dr. Duckworth, Lt. Wilson, Officers Ordovez and Posher, and other unknown officers and administrators. The Court did not issue process in this case, pending preliminary screening.

**II.    Factual Background**

On December 9, 2011, Plaintiff filed this complaint alleging Defendants violated his civil

rights while he was confined at the Seagoville Federal Correctional Institution ("FCI"). He states his classification was changed from low to medium security. He also alleges he should be transferred to a medical facility. Additionally, he claims certain Defendants have denied him adequate medical care, he was assaulted by certain guards, he was denied meals, false disciplinary charges were filed against him, prison officials failed to adequately protect him, his property was confiscated and his rights were violated when he was transferred to Beaumont, Texas.

Plaintiff seeks transfer to a medical facility, an order that his disciplinary cases be overturned, credit for good-time credits he lost in the disciplinary cases, a change in his classification from medium security to low security, and money damages.

Additionally, on June 25, 2012, and July 6, 2012, Plaintiff filed correspondence alleging that prison officials at his current location in Springfield, Missouri, have violated his constitutional rights.

## III.  Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2

Case 6:12-cv-03401-BCW   Document 28   Filed 07/31/12   Page 2 of 9

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**IV.** **Discussion**

**1.** **Classification/Transfer**

Plaintiff argues he should be transferred to a medical facility because the Seagoville FCI is not equipped to handle prisoners with his medical needs. A prisoner does not have the right to be transferred to the prison of his choice. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 234, 245 (1983) ("A prisoner has no constitutionally protected interest in a particular facility."). Additionally, Plaintiff was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri prior to filing this complaint. Plaintiff's request to be transferred to a medical facility should therefore be denied as moot.

Plaintiff also argues he should be classified at a low custody level rather than a medium custody level. A prisoner, however, has no constitutionally protected liberty interest in his custody classification. *Neals v. Norwood*, 59 F.3d 530, 533 91995). This claim should be dismissed.

**2.** **Disciplinary Charges**

Plaintiff states Defendants filed false disciplinary charges against him. He also claims Defendant Officers Colier, Gentry, Lafferty and other unknown officers assaulted him on May 3, 2010. He states he was charged and disciplined for assaulting an officer as a result of this May 3, 2010, incident.

Under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), a

3

prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also applies to disciplinary charges. *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997). *Heck* bars damage claims, which, if successful, would necessarily imply the invalidity of the disciplinary charge. *Id*. Plaintiff has failed to show that any of his disciplinary charges have been reversed or declared invalid. Additionally, his claim that officers assaulted him necessarily implies the invalidity of his disciplinary conviction for assaulting an officer. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**3. Meals**

Plaintiff states he was denied meals. In response to the Magistrate Judge's Questionnaire regarding this claim, however, Plaintiff provided no information. (Magistrate Judge's Questionnaire No. 4). This claim should be dismissed.

**4. Medical Care**

Plaintiff states he has fibromyalgia, an anxiety disorder, chronic fatigue, pleurisy, sleep apnea, multiple sclerosis, asthma, chronic pain syndrome, arthritis, dry eyes and dry mouth. He claims he was denied exercise equipment which caused him to gain weight, become weaker, have bowel problems and pain. He states he uses a wheelchair, but that he does not have someone to push the wheelchair. Plaintiff also claims he was denied medications. In response to the Magistrate Judge's Questionnaire, Plaintiff states the doctor removed two of his doses of

4

medication, but that he received two other doses of medication per day. (Magistrate Judge's Questionnaire, Answer No. 3.)

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id*. 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Accepting Plaintiff's allegations as true and resolving all disputed facts in his favor, Plaintiff cannot raise a claim cognizable under § 1983. He has not shown that his claims regarding the lack of exercise equipment and a pusher for his wheelchair rise to the level of a substantial risk of serious harm. Further, he has not shown that he was excluded from any service, program or activity due to the lack of a wheelchair pusher. Plaintiff also disagrees with the amount of medication he received. A disagreement of opinion as to the correct medication and/or medical treatment does not constitute an actionable civil rights claim, but at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g. Estelle*, 429 U.S. at 107-108; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard* 590 F.2d 105, 107 (5th Cir. 1979). His claims should be denied.

### 5. Failure to Protect

Plaintiff states other inmates pushed him out of his wheelchair and slapped his head. He states this occurred when the guards were not present. (Magistrate Judg's Questionnaire, Answer Nos. 5 and 6.) To the extent Plaintiff is raising a failure to protect claim, the claim is without merit.

For such a claim, Plaintiff must show he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Actual knowledge and appreciation of the risk are required. *Id*. at 837-38. In this case, Plaintiff states the incident occurred when guards were not present. He has failed to allege officials disregarded a known and substantial risk of serious harm. This claim should be denied.

### 6. Transport

Plaintiff states his civil rights were violated when he was shackled while being transported to Beaumont, Texas. He states he was not allowed rest stops on the trip, but was provided a urinal bottle and a sack lunch.

To establish a violation of the Eighth Amendment, Plaintiff must show (1) a deprivation that is objectively "sufficiently serious," and (2) that the defendant acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). A prison condition violates the Eighth Amendment only if it is so serious that it deprives the prisoner of

the "minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (citations omitted). In this case, Plaintiff's allegations fail to allege a prison condition which is sufficiently serious to violate the Eighth Amendment. His claim should be dismissed.

**7.     Property**

Plaintiff claims his constitutional rights were violated when prison guards confiscated pictures of a seven-year-old child from his cell. (Magistrate Judge's Questionnaire, Answers at p. 6.) Plaintiff was convicted of sexual trafficking of minors in the United States District Court for the Western District of Texas. *United States v. Gereb*, No. SA-07-CR-365(4)-XR (San Antonio div.) Plaintiff has failed to show the photographs were not contraband items or that prison officials violated his constitutional rights in confiscating these materials. This claim should be dismissed.

**8.     New Claims**

On June 25, 2012, and July 6, 2012, Plaintiff filed correspondence raising new claims regarding his incarceration at the Federal Medical Center in Springfield, Missouri. Plaintiff states he has no table to write on, he is in lockdown, he is not provided a pencil sharpener, he is missing some of his legal papers, he has pain and fatigue, his glasses are held together by a paperclip but BOP will not supply him with new glasses, and he is being beaten by BOP staff.

Venue in a federal question action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim

7

occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The court may also transfer a civil action to any proper judicial district or division "for the convenience of the parties and witnesses, in the interest of justice." *Id*. § 1404(a).

Plaintiff's claims pertain to actions that occurred in Springfield, Missouri. That district is therefore the location of the events giving rise to Plaintiff's claims, and is also the likely location of the defendants. The claims in Plaintiff's June 25, 2012, and July 6, 2012, correspondence should therefore by transferred to the United States District Court for the Western District of Missouri, Southern Division. *See* 28 U.S.C. § 105.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that: (1) Plaintiff's claims regarding his disciplinary cases and assault by guards be dismissed until the *Heck* conditions are met; (2) Plaintiff's claims that he should be transferred to a medical center be denied as moot; (3) Plaintiff's claims raised in his June 25, 2012 and July 6, 2012 correspondence be transferred to the United States District Court of the Western District of Missouri, Southern Division; and (4) Plaintiff's remaining claims be dismissed with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Signed this 31st day of August, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8

Case 6:12-cv-03401-BCW   Document 28   Filed 07/31/12   Page 8 of 9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).